```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL PARALIKAS,
                              Plaintiff(s),                    ORDER
                                                               CV 07-0918 (ERK)(WDW)
       -against-

MERCEDES BENZ, LLC, and
DICK DYER & ASSOCIATES, INC.,
                              Defendant(s).
----------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

Before the court is a letter motion by the plaintiff pursuant to Rule 37 (b), for an order compelling the defendants to answer interrogatories and produce documents responsive to document requests. DE [9]. The defendants oppose the motion. DE [10]. The motion is granted; the defendants are ordered to pay $300 in costs pursuant to Rule 37 (a)(5)(A); and the defendants' objections to the interrogatories and document requests are deemed waived.

On November 26, 2007, the parties filed a proposed scheduling order that was adopted by the court on November 27, 2007. The Scheduling Order provided that interrogatories were to be served "no later than December 3, 2007, and responses to such interrogatories shall be served within thirty (30) days thereafter." The same date and language applied to the service of the "first request for production of documents." DE [7]. In his motion to compel, the plaintiff reports that he served his first set of interrogatories and document requests on November 7, 2007, and, as of the date of the motion - December 28, 2007- had received no responses.

In their opposition to the motion, filed on January 8, 2008, the defendants agree that the plaintiff served his demands on November 7, "despite having until December 3, 2007 to do so." DE[10]. The defendants then state that they "served their responses a mere thirty-two days after December 3, 2007," on January 4, 2008. From this, they conclude that the plaintiff's motion "is now moot and plaintiff has not been prejudiced by the *deminimis* delay." Apparently, the

defendants take the position that they had thirty days from December 3, 2007 to file responses, not thirty days from service of the demands, as is required by the Federal Rules.  This interpretation is completely untenable in its attempt to rewrite the Federal Rules, which plainly require responses within thirty days of service.   Moreover, the responses were late even under the defendants' meritless interpretation of the order.

Because their responses were untimely, defendants have waived any objections to the outstanding discovery demands.  Rule 33(b)(4) provides that any ground for objection "not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  The defendants have shown no good cause for their failure to respond to the demands in a timely fashion.  In cases where, as here, no good cause has been shown for the late responses, a finding of waiver is appropriate.  "Any other result would ignore the time limits set forth in the Federal rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines." *Eldaghar v. City of New York Dep't of Citywide Admin. Svces,* 2003 U.S. Dist. LEXIS 19247, at *3-4 (S.D.N.Y. Oct. 20, 2003).   Thus, any objections defendants may have had to the demands have been waived.

Finally, plaintiff is awarded $300 as reasonable costs, including attorneys' fees, pursuant to Federal Rule 37(a)(5)(A), the defendants having made no showing of substantial justification for their failure to timely respond to the discovery demands.

Dated: Central Islip, New York　　　　　　　**SO ORDERED:**
　　　　January 9, 2008

　　　　　　　　　　　　　　　　　　　　　 /s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge